ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Thursday, July 31, 2025 3:23:21 PM
CASE NUMBER: 2025 CV 04264 Docket ID: 280794974
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| TONY CRUEA,<br>416 E Spring St.<br>Eaton, OH 45320<br>    Plaintiff,<br><br>vs.<br><br>MENARD, INC.,<br>Corporation Service Company<br>1160 Dublin Rd., Ste 400,<br>Columbus, OH 43215<br><br>and,<br><br>JOHN DOE EMPLOYEES<br>Name and Address Unknown<br><br>    Defendants. | Case No.<br>Judge:<br><br>(Jury Demand Endorsed Hereon) |

## COMPLAINT

Comes now the Plaintiff, Tony Cruea, by and through counsel, and for his Complaint against the Defendants hereby states and alleges the following:

### PARTIES

1. At all times relevant to this Complaint, Plaintiff was a resident of Eaton, Preble County, Ohio.

2. Defendant Menard, Inc., ("Menard") is a Wisconsin corporation registered to conduct business in Ohio owned, managed, operated and/or maintained a store in Montgomery County, Ohio, located at 8480 Springboro Pike, Miamisburg, OH 45342. Defendant Menard's registered agent for the purposes of service of process is Corporation Service Company, which may be served on behalf of Defendant Menard at 1160 Dublin Rd., Ste. 400, Columbus, OH 43215 or wherever it may be found.

3. Defendant John Doe Employees, based upon information and belief, is/were

1

employees and/or agents of Defendant Menard, acting in the course and scope of their employment, either with expressed, implied, or apparent authority, as agents of Defendant Menard.

4. The true name(s) and capacities of John Doe Employees, without conducting discovery in this matter, are unknown at this time. When the true names of said persons have been ascertained, Plaintiff will seek leave to amend the Complaint accordingly; Plaintiff believes that the Defendants identified herein as John Doe Employees have legal responsibility or contributed to the events and occurrences described herein, having caused injury to Plaintiff.

5. The Premises, as defined below, is owned, operated, managed and/or maintained by Defendant Menard.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred in this Court by R.C. §2305.01.

7. Pursuant to Civil Rule 3(B)(1) of the Ohio Rules of Civil Procedure, venue is proper in Montgomery County, Ohio, and the incident which is the basis for the Complaint occurred in Montgomery County, Ohio.

## SERVICE OF PROCESS

8. Service of process is permitted on Defendants pursuant to Ohio Civil Rule 4.2(A) and (F).

## UNDERLYING FACTS COMMON TO ALL ALLEGATIONS

9. On or about November 27, 2023, Plaintiff was a customer and invitee of Defendants at the Premises, a Menard's store located at 8480 Springboro Pike, Miamisburg, OH 45342.

10. At all times relevant hereto, the premises was open to patrons.

11. At all times relevant hereto, Defendants had knowledge of patrons being on the premises.

12. At all times pertinent hereto, Defendants' actions and inactions caused the floor in

the shopping aisle section of the Premises to be slippery, untreated, not adequately maintained, have potentially hazardous debris on the floor, including but not limited to liquid/soap, and/or otherwise not safe, thereby creating a dangerous and/or defective condition.

13. At all times pertinent hereto, the Defendants had actual and/or constructive knowledge of said dangerous and/or defective condition.

14. At all times pertinent hereto, the Defendants' knowledge of said dangerous and/or defective condition was superior to that of Plaintiff.

15. Plaintiff was required to traverse the section of the shopping aisle section and said dangerous and/or defective condition on the flooring created by Defendants, in order for patrons such as the Plaintiff to adequately shop at the Defendants' store.

16. Plaintiff entered a shopping aisle section of the Premises, in an attempt to purchase items for sale offered by the Defendants to customers, and fell upon the dangerous and/or defective condition created by the debris/liquids on the flooring.

17. At all times pertinent hereto, Plaintiff exercised an appropriate degree of care for his own safety.

### NEGLIGENCE OF DEFENDANT MENARD

18. At all times pertinent hereto, Defendant Menard owed the Plaintiff, as a business invitee upon the subject Premises, a duty to maintain the subject Premises in reasonably safe condition and to discover unsafe and dangerous conditions on the Premises and either correct them or warn of them.

19. At all times pertinent hereto, Defendant Menard was responsible for maintaining the Premises in a reasonably safe condition as the owner, operator, manager, and/or similar service provider at the subject property where the Plaintiff's injuries occurred.

20. Defendant Menard, through their agents/employees, owed Plaintiff a safe method of walking around the Premises inside the building.

21. At all times pertinent hereto, Defendant Menard had a legal duty to maintain the subject Premises in a reasonable and safe condition for the use of persons such as Plaintiff.

22. Defendant Menard, through their agents/employees, owed Plaintiff a duty to inspect and maintain/clean the area within a reasonable amount of time.

23. Defendant Menard, individually and through their agents/employees, had a duty to train their agents and employees on how to conduct safety sweeps of the premises to keep the premises free from hazardous debris and slippery surfaces.

24. Defendant Menard, through their agents/employees, owed Plaintiff a duty to place proper warning signs to alert its customers of unsafe conditions.

25. Defendant Menard was guilty of the following acts of common law negligence, in that it breached the following duties owed to Plaintiff:

   a. provide a clear and safe path to ingress and egress of Premises;

   b. take reasonable steps to maintain the Premises in a safe condition;

   c. take reasonable steps to train their employees/agents in how to properly inspect and clean the premises;

   d. inspect and maintain/clean the area within a reasonable amount of time;

   e. provide clear and safe boundaries and warnings around such known dangerous condition;

   f. remedy known dangerous and/or defective conditions on the Premises, despite ample time and opportunity available to do so; and

   g. properly design, construct, or maintain the building and/or Premises.

26. Defendant Menard was guilty of the following acts of negligence *per se*, in that it

breached the duties by failing to do the following:

    a. maintain the Premises in accordance with applicable building codes;

    b. maintain the Premises in accordance with applicable statutes; and

    c. maintain the Premises in accordance with the International Building Codes.

27. Defendant Menard breached their legal duties in designing, constructing, and/or maintaining the subject Premises.

28. The negligent acts and/or omissions of Defendant Menard were the direct and proximate cause of the subject fall and Plaintiff's resulting injuries and damages.

29. Plaintiff's resulting injuries and damages were a direct result of this fall.

30. As a direct and proximate result of the negligence of the Defendant Menard, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries causing Plaintiff to become liable for medical and other expenses and to suffer permanent bodily impairment.

31. Defendant Menard is vicariously liable for the negligence of their agents under the doctrine of *respondeat superior* and/or jointly and severally liable for the negligent actions and/or omissions of their agents including, but not limited to, its employees, management teams, and/or contractors.

## NEGLIGENCE OF DEFENDANT JOHN DOE EMPLOYEES

32. At all times pertinent hereto, Defendant John Doe Employees, whose name and identity will be supplemented following discovery in this case, was at all relevant times mentioned herein negligent in their failure to properly inspect, maintain, and clean/make safe the premises and/or provide proper warning to patrons, such as the plaintiff, of any hazards/debris on the premises within a reasonable time prior to Plaintiff falling, and that as a direct and proximate result of said negligence, while said Defendant was acting in the course and scope of their employment with Defendant Menard, said Defendant caused and/or contributed to Plaintiff

falling on the premises which caused serious and devastating injuries to Plaintiff as referenced above.

33. At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Menard, owed the Plaintiff, as a business invitee upon the subject Premises, a duty to maintain the subject Premises in reasonably safe condition and to discover unsafe and dangerous conditions on the Premises and either correct them or warn of them.

34. At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Menard, were responsible for maintaining the Premises in a reasonably safe condition as the operator, manager, and/or similar service provider at the subject property where the Plaintiff's injuries occurred.

35. Defendant John Doe Employees, as employees/agents of Defendant Menard, owed Plaintiff a safe method of walking around the Premises inside the building.

36. At all times pertinent hereto, Defendant John Doe Employees, as employees/agents of Defendant Menard, had a legal duty to maintain the subject Premises in a reasonable and safe condition for the use of persons such as Plaintiff.

37. Defendant John Doe Employees, as employees/agents of Defendant Menard, owed Plaintiff a duty to inspect and maintain/clean the area within a reasonable amount of time.

38. Defendant John Doe Employees, as employees/agents of Defendant Menard, had a duty to train their agents and employees on how to conduct safety sweeps of the premises to keep the premises free from hazardous debris and slippery surfaces.

39. Defendant John Doe Employees, as employees/agents of Defendant Menard, owed Plaintiff a duty to place proper warning signs to alert its customers of unsafe conditions.

40. Defendant John Doe Employees, as employees/agents of Defendant Menard, were guilty of the following acts of common law negligence, in that it breached the following duties

6

owed to Plaintiff:

    h. provide a clear and safe path to ingress and egress of Premises;

    i. take reasonable steps to maintain the Premises in a safe condition;

    j. take reasonable steps to train their employees/agents in how to properly inspect and clean the premises;

    k. inspect and maintain/clean the area within a reasonable amount of time;

    l. provide clear and safe boundaries and warnings around such known dangerous condition;

    m. remedy known dangerous and/or defective conditions on the Premises, despite ample time and opportunity available to do so; and

    n. properly design, construct, or maintain the building and/or Premises.

41. Defendant John Doe Employees, as employees/agents of Defendant Menard, were guilty of the following acts of negligence *per se*, in that it breached the duties by failing to do the following:

    a. maintain the Premises in accordance with applicable building codes;

    b. maintain the Premises in accordance with applicable statutes; and

    c. maintain the Premises in accordance with the International Building Codes.

42. Defendant John Doe Employees, as employees/agents of Defendant Menard, breached their legal duties in designing, constructing, and/or maintaining the subject Premises.

43. The negligent acts and/or omissions of Defendant John Doe Employees were the direct and proximate cause of the subject fall and Plaintiff's resulting injuries and damages.

44. Plaintiff's resulting injuries and damages were a direct result of this fall.

45. As a direct and proximate result of the negligence of the Defendant John Doe Employees, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries causing

7

Plaintiff to become liable for medical and other expenses and to suffer permanent bodily impairment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for damages in an amount greater than twenty-five thousand dollars ($25,000.00), plus interest and costs.

### JURY DEMAND

Plaintiff requests that this matter be heard before a jury of eight (8) persons.

This 31st day of July 2025

Respectfully submitted,

/s/ Zachary C. Smith
Zachary C. Smith (0101700)
MONGE & ASSOCIATES
8205 Dunwoody Pl
Atlanta, GA 30350
270-359-5385
FAX 678-579-0204
zack.smith@monge.lawyer
*Attorney for Plaintiff, Tony Cruea*

MIKE FOLEY
Clerk of Courts
41 N. Perry St.
Dayton, Ohio 45422-2150



CERTIFIED MAIL

9414 7266 9904 2238 6317 47

2025 CV 04264
9 414 7266 9904 2238 6317 47

MENARD INC
CORPORATION SERVICE COMPANY
1160 DUBLIN RD STE 400
COLUMBUS, OH 43215